CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 23 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES JERRY HAIRSTON, | ) | CASE NO. 7:12CV00416 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| GERALD MCPEAK, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

James Jerry Hairston, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, against the New River Valley Regional Jail ("NRVRJ") and its superintendent, Gerald McPeak. Upon review of the record, the court finds that the action must be summarily dismissed.

I

Hairston alleges the following grounds for relief in his § 1983 complaint:

1. The defendants employ racially discriminative practices to deprive African-American prisoners of visitation and avenues to send funds to family, like similarly-situated Caucasian inmates;

2. The defendants utilize racially discriminative practices when "classifying" African-American prisoners in custody [and] hold African-American prisoners to more stringent standards of conduct;

3. The defendant(s) demonstrate racially discriminative conduct by their blatant refusal to make reasonable efforts to provide grooming products for African-American prisoners housed within NRVRJ; and

4. [Plaintiff] was denied his incoming mail [on August 17, 2012] because defendants insisted it was on "computer-generated paper."

Hairston submits copies of grievances, appeals, and responses as exhibits to his § 1983 complaint. As relief regarding these claims, Hairston seeks unspecified injunctive and declaratory relief, as well as monetary damages.

Two weeks after filing his lawsuit, Hairston submitted a letter, alleging additional claims: (a) the jail does not provide inmates with carbon paper or free photocopies; (b) the jail provides indigent inmates with only four sheets of paper per week; (c) jail staff attempted to cause other inmates to retaliate physically against Hairston, by confiscating other inmates' computer-generated items after Hairston complained about the confiscation of computer-generated pages from his incoming mail; (d) jail staff told other inmates they could be charged with "gang-affiliated activities" if they filed affidavits in support of Hairston's lawsuit; and (e) jail staff told Hairston that the jail law library was only used to research "criminal matters," but another inmate was allowed to use the library for his civil case involving child custody issues. As to these claims, Hairston seeks injunctive relief directing officials to provide him with sufficient writing materials and free photocopying services.

## II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### A. Improper Defendant

The jail is not a "person" and is therefore not amenable to suit under § 1983. Preval v. Reno, 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. 2000) (unpublished) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)). Therefore, the court dismisses all claims against the jail, under § 1915A(b)(1), as legally frivolous.

## B. No Equal Protection Claim

The Equal Protection Clause provides that " [n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To prove an equal protection claim, litigants "must first demonstrate that [they] ha[ve] been treated differently from others with whom [they are] similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (omitting internal quotations). Only if plaintiff makes these showings will the court proceed to the next stage of the analysis: determining whether prison officials' action is reasonably related to a legitimate, penological purpose. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Plaintiff "must plead sufficient facts to satisfy each requirement. Veney, 293 F.3d at 731. "[A]bsent some factual evidence the court will not look behind the determinations of prison officials on mere accusations that they are racially motivated." Chapman v. Reynolds, 378 F. Supp. 1137, 1140 (W.D. Va. 1974).

Hairston names the jail superintendant as a defendant and makes conclusory assertions that jail policies concerning inmate classification, visitation, money transfers, and commissary products treat African-American inmates in a discriminatory manner. Hairston's complaint fails to state the provisions of the policies he challenges and presents no facts showing how these policies have harmed him.[1] Nor does the complaint describe any particular respect in which jail policies apply differently to African-American inmates than to inmates of other races with whom Hairston is similarly situated. Because the factual content of Hairston's complaint does not show the necessary elements for an actionable claim of race discrimination, the court must summarily dismiss Claims (1), (2), and (3).

---

[1] See Hummer v. Dalton, 657 F.2d 621, 625 626 (4th Cir. 1981) (holding that prisoner proceeding pro se may not serve as a "knight errant" for other inmates, but may only seek to enforce his own rights).

3

### C. Conclusory Allegations

Hairston also presents no facts in support of his other claims. His factual content does not show that the jail's policy of refusing to allow inmates to receive computer-generated materials with their personal mail is an unreasonable method to limit access to materials that might pose a security threat. Thornburgh v. Abbott, 490 U.S. 401 (1989) (holding that prison limitations on inmate's receipt of incoming mail are constitutional if rationally related to legitimate penological interests). Hairston fails to show that the mail limitation, the ration of writing materials, the lack of free copying services or carbon paper, and the inability to obtain affidavits from other inmates have specifically hindered his attempts to litigate any viable constitutional claims. See Lewis v. Casey, 518 U.S. 343, 351 (1996) (finding that § 1983 claim of denial of access to courts requires specific showing of injury). Finally, Hairston's conclusory allegations of conspiracy and retaliation are insufficient to state any constitutional claim. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (finding that conclusory allegations of retaliatory motive cannot support § 1983 retaliation claim by prison officials); Brown v. Angelone, 938 F.Supp. 340, 346 (W.D. Va. 1996) (finding that where allegations of conspiracy are merely conclusory, without facts showing common purpose to injure plaintiff, complaint may be summarily dismissed). Because Hairston fails to state sufficient facts to make prima facie claims concerning the challenged jail policies, the court dismisses his claims without prejudice under § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 23rd day of October, 2012.

*[signature]*
Chief United States District Judge

4